IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| RAYTHEON AIRCRAFT COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-2328 JWL |
| ) | |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF RAYTHEON AIRCRAFT COMPANY'S RESPONSE TO
THE UNITED STATES' EXPEDITED MOTION FOR EXTENSION
OF DEADLINES AND REVISION OF SCHEDULING ORDER**

### INTRODUCTION

This Court should summarily deny the United States' Motion for Extension of Deadlines and Revision of Scheduling Order. The United States has filed this motion only after receiving RAC's expert designations – pursuant to the Amended Scheduling Order – and seeks to obtain an unfair advantage by attempting to extend deadlines after RAC has identified and disclosed its expert witnesses. Throughout its brief, the United States raises a variety of complaints and excuses but ignores the overriding fact in this case: The United States already put forth an identical effort in 2004 when it purportedly examined the same record before finding RAC liable and issuing a multi-million dollar cleanup order.[1] Counsel for RAC does not intend to engage in a "tit-for-tat" debate on why the United States feels it is unable to proceed despite two previous acknowledgments that the scheduling deadlines were appropriate. It is telling, though, that the United States waited until **after** RAC disclosed its experts to try and gain more time to respond.

---

[1] A recent decision from the Eighth Circuit discusses the United States' "dual role" in CERCLA actions where the government is both the enforcer under CERCLA and also responsible for a site's contamination. *Atlantic Research Corp. v. United States*, 2006 WL2321185 at *8-*9 (8th Cir., August 11, 2006).

In short, either the United States failed to analyze the record before it issued the order or this motion is another attempt to delay and obtain an unfair advantage in this litigation.

## SCHEDULING ORDERS

On January 19, 2006, this Court conducted a scheduling conference with the parties to discuss deadlines in this case. This Court issued a Scheduling Order on January 26, 2006. Doc. 19. The United States was well aware of the complexity of the issues, including the historical documents and environmental records concerning the site. Nonetheless, the United States agreed to a schedule in which all discovery was to be completed by November 30, 2006. More importantly, the original Scheduling Order required RAC to submit its expert reports by June 30 and the United States to submit its expert reports by July 31 – a 30 day interim. This Court then dismissed RAC's constitutional claims, which streamlined and simplified the case. Doc. 54.

On June 8, the Court issued an Amended Scheduling Order, which required RAC to submit is expert designations by August 14, 2006, and the United States to submit its expert disclosures by September 14, 2006 – another 30-day interim. Doc. 56. The United States agreed to these dates.

Anticipating the arguments that the United States has now raised in its expedited motion, RAC submitted its opening discovery on January 27, 2006. Doc. 20. RAC has submitted additional requests seeking information relating to the United States' use of TCE at HAAF. *See* Docs. 35, 41 and 62. To date, RAC still has not received all of the responsive documents. Likewise, RAC submitted a comprehensive 30(b)(6) notice on March 23, 2006. Doc. 37. The United States did not produce its first 30(b)(6) witness until June 20, 2006. *See* Doc. 53. RAC then submitted a second 30(b)(6) notice on June 23, 2006. Doc. 58. The second deposition pursuant to the first and second 30(b)6) notices did not occur until July 24, 2006. *See* Docs. 60

and 61.  There are at least two remaining 30(b)(6) witnesses to be deposed.  Throughout this time period, RAC has repeatedly requested deposition dates for the remaining topics, but the United States continues to delay, claiming that either its witnesses or its attorneys are unavailable.[2]  RAC has also repeatedly requested the depositions of other United States witnesses and dates to perpetuate the testimony of a former Beech employee.  The United States refused to proceed.  In recent correspondence, the United States claimed that none of its attorneys would be available until October.

Despite these delays, RAC adhered to the Scheduling Order and disclosed its expert witnesses pursuant to the Amended Scheduling Order.  The United States now seeks to delay producing its expert reports until February 28, 2007 – six months after RAC's disclosures!  The historical activities at this base have been well known by both parties for years.  Presumably, the United States examined and analyzed this information when it described its activities at the base in its 104(e) responses and again before it issued the UAO to RAC in 2004 to clean up the site.  The United States commissioned the environmental technical investigations performed at the site over the last 12 years, or provided oversight for those performed by others.  The United States, therefore, possesses any information it would need to prepare its expert disclosures.  The United States should not be rewarded for its tactics.

## RULE 26(a) DISCLOSURES AND DISCOVERY DELAYS

**Rule 26(a) Disclosures**

The United States complains that RAC's Rule 26(a) disclosures are inadequate and that should be a reason why the Scheduling Order should be amended.  The United States ignores the fact, however, that nearly all of the "non-produced" documents were either obtained from or

---

[2] The United States now has four attorneys of record on this case.

were submitted to the United States as part of RAC's 104(e) responses. Thus, nearly all of the documents involved in its case have been in the hands of the United States since October, 2004.[3]

The United States also complains that the disk containing the Rule 26(a) information suffered from "numerous technical inadequacies." On August 4, the United States presented RAC, for the first time, its "ENRD Specifications for Scanning" on how it wants documents to be formatted. RAC previously produced its documents in the same format that pleadings are filed in this Court. Despite its previous (and acceptable) disclosure, RAC incurred the costs to resubmit these documents in the United States' preferred format. In addition, the United States also possesses documentation concerning the past costs incurred by RAC to perform the work under the Unilateral Administrative Order. Because EPA oversaw the work, RAC is entitled to the presumption that its cleanup actions were consistent with the National Contingency Plan ("NCP"). *See Morrison Enterprises v. McShares, Inc.*, 302 F.3d 1127, 1137-1139 (10th Cir. 2002). Further, and in response to its discovery requests, RAC will submit its cost calculations in the United States' preferred format.[4]

Most of the documents involved in this case were in the hands of the United States by October 2004. Furthermore, RAC has made the documents available for review at any time convenient to the United States. The United States complains that RAC's initial electronic format required individual pages to be opened "as though Raytheon had produced boxes and boxes of single pages with no staples, paperclips, or dividers." The United States thus accurately described its own production of documents to RAC in response to Judge Belot's order in the related FOIA case, *Raytheon Aircraft Company v. United States Army Corps of Engineers,* Case

---

[3] RAC has provided the United States with all of its Rule 26(a) disclosures, except for certain cost documentation that is currently being prepared. Contrary to the United States' assertion, RAC has produced and will produce any documents required under Rule 26(a).

[4] RAC will submit its past cost calculations and estimated future costs to be incurred by RAC to complete the work so far required by the United States and the State of Kansas at the site.

No. 00-1390-MLB, in the United States District Court for the District of Kansas.  Regarding electronic production, the government stated that it "continued to make its document production electronically, with two minor exceptions."  The "minor exceptions" required a RAC lawyer to travel to Washington, D.C. for two days to review documents.  Despite the fact that the United States already possesses this information, RAC has provided the United States with its disclosures in the United States' preferred format.  Further, and in response to its discovery requests, RAC will submit its cost calculations in the United States' preferred format.

The United States' 26(a) disclosures are also incomplete and inadequate.  For example, the United States listed at least five documents from the Bates range US022509-US025217 on its Preliminary Witness and Exhibit List, but those documents have never been produced.  Likewise, there are approximately 123 documents in the E-07-2****** Bates range listed on the Preliminary Witness and Exhibit List that have never been produced.  Despite these failures and the discovery delays described below, RAC complied with the Court's Amended Scheduling Order.

**Discovery Delays**

Based upon the Scheduling Order, RAC submitted discovery requests beginning in February 2006.  In its opening requests, RAC requested information concerning the use of trichloroethylene ("TCE") at other Army Air Force bases during World War II.  The United States unilaterally narrowed the scope of its responses to its predetermined "Similarly Situated Air Fields."[5]  However, the United States' 30(b)(6) witness on this topic, Stan Bauer, admitted in his July 24 deposition that a "Similarly Situated Air Field" should include those fields:

1. That operated at a similar time as HAAF;
2. That processed similar aircraft as HAAF; and

---

[5] RAC currently has a motion to compel pending on this issue.  *See* Docs. 42 and 43.

        3.       That performed similar operations as HAAF.

(Deposition of Stan Bauer, 24:25-25:12, attached as Exhibit 1).  Mr. Bauer then admitted that two fields, the Topeka Army Field and Salina Army Air Field, both qualified as "Similarly Situated Air Fields."  (Deposition of Stan Bauer, 25:13-37:16).  Incredibly, the United States did not include these fields on the Similarly Situated Air Fields despite the fact that these fields "would be closer than many of the [Similarly Situated Air Fields]."[6]  As this one example illustrates, the United States continues to delay the production of relevant documents.  Despite these delays, RAC continues to move forward pursuant to this Court's order.

## **EXPERT DISCLOSURES**

        The United States is now attempting to obtain an unfair advantage in this litigation.  The United States was well aware of the issues surrounding this case when it agreed to the initial Scheduling Order and the Amended Scheduling Order.  Now, only after receiving RAC's expert disclosures, the United States complains that it is unable to proceed.  This argument is specious given the prior investigations and analyses allegedly performed by the United States in the years leading to this lawsuit.  On two prior occasions, the United States affirmed that it could proceed.  If the United States were so concerned about its lack of information, why did it wait until August 3 to submit discovery requests?

---

[6] Discovery requests are pending concerning these two fields.

## **CONCLUSION**

The United States' motion should be denied. From the outset, the parties knew the issues involved in this case, and the United States should not receive an unfair advantage by attempting to extend deadlines after it received RAC's expert designations.

Respectfully submitted,


s/Stephen J. Torline
Beverlee J. Roper
Stephen J. Torline                              18292
Daryl G. Ward                                   20181
BLACKWELL SANDERS PEPER MARTIN LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080

**Attorneys for Plaintiff**
**Raytheon Aircraft Company**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Lois Godfrey Wye, Esq.
Natalia Sorgente
Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Lois.Wye@usdoj.gov
Natalia.Sorgente@usdoj.gov

                                        s/Stephen J. Torline