**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

RAYTHEON AIRCRAFT COMPANY,

        Plaintiff,

v.                                                Case No. 05-2328 JWL

UNITED STATES of AMERICA,

        Defendant.

## STIPULATION AND PROTECTIVE ORDER

It is hereby stipulated by and between the parties, their respective attorneys and ordered by the Court:

1.    Defendant United States has requested that Plaintiff Raytheon Aircraft Company ("RAC") produce several settlement agreements in connection with discovery in this action. RAC has determined that certain information responsive to these requests is covered by a confidentiality agreement entered by RAC with certain third parties. Those documents, hereinafter "Confidential Information," are RAC88871-88894 and RAC91861-91895.

2.    The Confidential Information identified in Paragraph 1, above, shall have clearly stamped thereon "Confidential. Do not release without notification to Raytheon Aircraft Company." Any testimony that repeats Confidential Information shall be so identified on the record during any deposition and shall be protected by the provisions of this Order.

3.    Information, testimony and/or documents designated as Confidential Information shall be used only in connection with the prosecution or defense of this litigation and may be disclosed only as follows:

    A.    Confidential Information may be disclosed to the parties, their attorneys, members of the paralegal, secretarial, and clerical staff (including shorthand reporters), and other members of agencies (including staff or agency managers) who are assisting or working with such attorneys in connection with this litigation, as well as court personnel and members of the jury, if any, assigned to or working on Case No. 05-2328 JWL.

KC-1469338-3

B.  The persons to whom the Confidential Information may be disclosed under sub-part A of this paragraph may disclose the Confidential Information only to experts who are specifically retained or consulted by a party or counsel for the purpose of this litigation or to persons assisting those experts. Prior to the disclosure of any Confidential Information to such experts, the experts shall agree to be bound by the terms and provisions of this Order by so signifying on a copy of Exhibit "A," attached hereto. All information, summaries, reports, testimony or documents that repeat any "Confidential Information" provided to such experts shall also be treated as "Confidential Information." If the United States produces any expert report that is not marked "Confidential. Do not release without notification to Raytheon Aircraft Company" but that RAC in good faith believes reveals protected information, RAC shall notify the United States within five business days.

C.  If any party seeks to file any document designated as Confidential Information, or to file any brief, memorandum or pleading which repeats such Confidential Information, then the party seeking to file such documents must first file a motion with the court for leave to file the particular document under seal. Once such leave is granted, the party shall be filed with the Clerk of the Court under seal and shall be marked with the following legend: "Confidential. This document is filed under seal pursuant to Court Order. CASE NO. 05-2328 JWL."

D.  Confidential Information may be used in the taking of depositions and in the preparation of witnesses for depositions and/or trial. No copies of documents containing Confidential Information shall be provided to witnesses who are not otherwise entitled to access to such documents. The use of Confidential Information in the taking of depositions, including their use as exhibits in such depositions, shall not cause such documents to lose their status as Confidential Information.

4.  After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Order with respect to the dissemination of the Confidential Information shall continue to be binding. After the termination of this litigation, should the

KC-1469338-3

United States receive a request for documents under the Freedom of Information Act, pursuant to the Federal Rules of Civil Procedure, or otherwise, that would require the release of Confidential Information, the United States shall notify RAC in writing as soon as practicable, and provide RAC the opportunity to object within a specified time frame to the disclosure, either by demonstrating to the United States that the Confidential Information is entitled to be exempt from FOIA disclosure, or by intervening in any relevant court action to seek a protective order. If RAC does not respond within the time frame specified, RAC will be considered to have no objection to the disclosure. The United States shall be deemed to have fulfilled its notification obligations under this paragraph if it sends a letter via first class mail, postage prepaid, to:

> Beverlee J. Roper
> Stephen J. Torline
> Blackwell Sanders Peper Martin LLP
> Suite 1000
> 4801 Main
> Kansas City, Missouri 64112

5. The Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an order of Court by persons entitled to receive the Confidential Information pursuant to paragraph 3 of this Order provided that the use of such copies is restricted in accordance with the Order. All copies so made shall be deemed Confidential Information under the terms of this Order. The "Confidential Information" designation, together with the statement "Do not release without notification to Raytheon Aircraft Company," shall be clearly visible on any such copies.

6. Nothing in this Order shall be deemed or construed to be a waiver by either party of any right to object to the use of any Confidential Information, or any portions thereof, at the trial or otherwise during the course of this matter.

7. The attorneys for the parties, and their paralegals and office personnel, as well as expert witnesses retained by them, expressly agree to be bound by all the terms and conditions of this Order.

8. Nothing in this Order shall be deemed to preclude any party, for good cause shown, from obtaining an order modifying the terms of this Order.

KC-1469338-3

9. This Order shall be binding upon the parties hereto, their successors, representatives and assigns, as well as all counsel for the parties hereto, their paralegals and office employees and expert witnesses retained by them.

IT IS SO ORDERED.

Dated this 2nd day of March, 2007.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

| BLACKWELL SANDERS PEPER MARTIN LLP | UNITED STATES DEPARTMENT OF JUSTICE |
|---|---|
| By:    s/Stephen J. Torline            Beverlee J. Roper      KS #77969    Stephen J. Torline     KS #18292    Daryl G. Ward          KS #20181    4801 Main Street, Suite 1000    Kansas City, Missouri 64112    Telephone: (816) 983-8000    Facsimile: (816) 983-8080    Attorneys for Plaintiff Raytheon Aircraft Company | By:    s/Lois Godfrey Wye            Lois Godfrey Wye, Esq.    Natalia Sorgente, Esq.    Scott J. Jordan    Department of Justice    P.O. Box 23986    Washington, D.C. 20026-3986    Attorneys for Defendant United States |

KC-1469338-3

**EXHIBIT "A"**

       The undersigned hereby agrees, in accordance with the provisions of the Stipulation and Protective Order in the case styled <u>Raytheon Aircraft Company v. United States</u>, case number 05-2328 JWL in the United States District Court for the District of Kansas, entered on the \_\_\_\_ day of _____, 200\_\_\_, to be bound thereby, and further states that he/she/it has read said Order and understands and agrees to the terms and conditions thereof.

       Dated:

KC-1469338-3