## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Raytheon Aircraft Company,**

       **Plaintiff,**

v.                                      **Case No. 05-2328-JWL**

**United States of America,**

       **Defendant.**

### MEMORANDUM AND ORDER

Plaintiff Raytheon Aircraft Company filed suit against the United States of America under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) asserting, among other things, an as-applied constitutional challenge to the unilateral administrative order (UAO) issued by the EPA against Raytheon directing Raytheon to perform cleanup activities at Tri-County Public Airport (the "Site"). In May 2006, the court dismissed this claim for lack of subject matter jurisdiction pursuant to CERCLA section 113(h) on the grounds that cleanup at the Site was not yet complete. *See Raytheon Aircraft Co. v. United States*, 435 F. Supp. 2d 1136 (D. Kan. 2006). In September 2006, the EPA, having determined that Raytheon satisfied its cleanup obligations required by the UAO, issued a Notice of Completion to Raytheon. Raytheon now moves the court to reconsider its May 2006 order and to reinstate Raytheon's as-applied constitutional challenge, asserting that the jurisdictional bar to its claim no longer exists. As will be explained, the motion is granted.

*Applicable Standard*

Raytheon's motion for reconsideration is brought pursuant to Federal Rule of Civil Procedure 54(b). Pursuant to that rule, a "court's disposition of a single claim in a suit involving multiple claims is subject to reconsideration until the entry of judgment on all of the claims, absent an explicit direction for the entry of judgment on the single claim." *First Am. Kickapoo Operations, LLC v. Multimedia Games, Inc.*, 412 F.3d 1166, 1170 (10th Cir. 2005) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) ("[T]he court retains the power to alter rulings until final judgment is entered on a cause.")). Raytheon's motion, then, seeks to invoke the court's "general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *See Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991). In analyzing Raytheon's motion, then, the court is not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion. *See Trujillo v. Board of Educ. of Albuquerque Pub. Schs.*, 2007 WL 80698, at *3-4 (10th Cir. Jan. 12, 2007); *Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003).[1]


*Discussion*

---

[1]In any event, the United States does not dispute that Rule 54(b) is the appropriate procedural vehicle for Raytheon's motion, nor does it contend that Raytheon's specific request fails to meet the standard for reconsideration under Rule 54(b).

In May 2006, the court dismissed Raytheon's as-applied constitutional challenge for lack of subject matter jurisdiction on the grounds that cleanup at the Site was not yet complete. *See New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1249 (10th Cir. 2006) (pursuant to section 113(h), challenges to the EPA's removal and/or remedial activities are precluded until such activities are completed). It is undisputed that the EPA has since issued Raytheon a Notice of Completion. According to Raytheon, then, the limitations to jurisdiction contained in section 113(h) no longer apply such that the court may now exercise jurisdiction over Raytheon's claim. The EPA, in response, contends that the court lacks jurisdiction over the claim despite the issuance of the Notice of Completion.

As explained in the court's May 2006 order, section 113(h), with certain enumerated exceptions, "provides that no federal court shall have jurisdiction to review any challenges to removal or remedial action selected by the EPA under §§ 9604 or 9606(a)." *United States v. City & County of Denver*, 100 F.3d 1509, 1513-14 (10th Cir. 1996). Federal courts, including the Tenth Circuit, have consistently interpreted this provision as denying federal courts jurisdiction over claims asserted by potentially responsible parties concerning ongoing removal or remedial activities. *See New Mexico v. General Elec. Co.*, 467 F.3d 1223, 1249 (10th Cir. 2006) (section 113(h) "protects the execution of a CERCLA plan *during its pendency* from lawsuits that might interfere with the expeditious cleanup effort" (emphasis in original)); *Broward Gardens Tenants Ass'n v. U.S. E.P.A.*, 311 F.3d 1066, 1072 (11th Cir. 2002) (collecting cases) . The rationale underlying this interpretation is that the claim has the effect of slowing down or preventing cleanup activities and, thus, constitutes a "challenge" to the cleanup. *See*

3

*Broward Gardens*, 311 F.3d at 1072 ("A suit challenges a remedial action within the meaning of section 113(h) if it interferes with the implementation of a CERCLA remedy. . . . [A] suit interferes with, and thus challenges, a cleanup, . . if the relief requested will impact the remedial action selected."); *United States v. State of Colorado*, 990 F.2d 1565, 1576 (10th Cir. 1993) (section 113(h) was enacted "to prevent private responsible parties from filing dilatory, interim lawsuits which have the effect of slowing down or preventing the EPA's cleanup activities") (quotation omitted).

Thus, a claim asserted by a potentially responsible party concerning removal or remedial activities that have been completed do not constitute a "challenge" for purposes of section 113(h) because the claim will not delay the cleanup or otherwise interfere with the cleanup.  *See State of Colorado*, 990 F.2d at 1576 (action that did not seek to delay cleanup did not constitute a "challenge" to the CERCLA remedial action for purposes of section 113(h)).  In other words, section 113(h) does not apply to claims concerning completed remedial activities because those claims do not interfere with cleanup activities and, thus, do not "challenge" the response or remedial actions.  *See New Mexico v. General Elec. Co.*, 467 F.3d at 1250 (claims concerning remediation activities may be addressed at the conclusion of the remediation); *Aztec Minerals Corp. v. U.S. E.P.A.*, 1999 WL 969270, at *3 (10th Cir. Oct. 25, 1999) ("clear import" of section 113(h) is that challenges to the EPA's removal or remedial activities are "precluded until such activities are completed"); *see also Costner v. URS Consultants, Inc*., 153 F.3d 667, 674 (8th Cir. 1998) (jurisdiction is denied to federal courts under section 113(h) "only if a removal or remedial action is 'challenged' by plaintiffs"); *accord State of Colorado*, 990 F.2d at 1575 (section 113(h)

4

only bars federal courts from reviewing "challenges" to CERCLA response actions).

The United States does not dispute that cleanup at the Site has been completed and that the EPA has issued a Notice of Completion to Raytheon. Nonetheless, the United States urges that the court cannot exercise jurisdiction over Raytheon's as-applied challenge because the claim does not fall within any of the five enumerated exceptions to section 113(h). This argument misses the mark. Because the remedial action has been completed, section 113(h) simply does not apply to Raytheon's claim and, thus, the exceptions to section 113(h) are never implicated. *See Employers Ins. of Wausau v. Bush*, 791 F. Supp. 1314, 1321 (N.D. Ill. 1992) (section 113(h) does not limit jurisdiction to review completed remedial or removal actions; where cleanup is complete, section 113(h) "is simply inapplicable" and it is irrelevant whether claims fall within exceptions).

The United States contends that the court should not reinstate Raytheon's claim even if the court has jurisdiction over the claim. According to the United States, reinstating the claim would be futile because the EPA's actions in connection with the UAO comport with all relevant constitutional and statutory requirements. The court, however, declines to address the United States' "futility" argument at this juncture for two reasons. First, the United States has not explained how its futility argument is pertinent to the limited issue presented by Raytheon's motion for reconsideration or, stated another way, why futility would be a valid basis to deny Raytheon's motion for reconsideration. Significantly, the United States does not challenge Raytheon's use of Rule 54(b) as the procedural vehicle for its motion and does not contend that the court should construe Raytheon's motion as one for leave to file an amended complaint (a

context in which futility can be an appropriate response by the non-moving party).  Second, the United States does not suggest what standard the court should apply in analyzing its futility argument.  While the United States' use of the term "futile" certainly suggests a standard equivalent to a 12(b)(6) standard, the United States' futility argument is based in part on citations to evidence in the record which, in turn, suggests a Rule 56 standard.  Indeed, the United States, in its motion to dismiss or for partial summary judgment, initially sought summary judgment on the merits of Raytheon's as-applied constitutional challenge.  However, the United States does not now refer the court to that earlier argument (an argument which was much more detailed than the argument presently advanced by the United States).  For these reasons, the court declines to entertain the United States' futility argument.  Of course, the United States may file a dispositive motion concerning Raytheon's as-applied challenge at any time up to the deadline established for filing such motions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Raytheon Aircraft Company's motion for reconsideration (doc. 124) is granted and the Count V of Raytheon's complaint is hereby reinstated.

**IT IS SO ORDERED.**

Dated this 3rd  day of May, 2007, at Kansas City, Kansas.

6

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge