**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Raytheon Aircraft Company,**

      **Plaintiff,**

v.                                          **Case No. 05-2328-JWL**

**United States of America,**

      **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff Raytheon Aircraft Company filed suit against the United States of America under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) asserting, among other things, a claim for cost recovery pursuant to section 107(a). In May 2006, the court granted defendant's motion to dismiss this claim in light of Tenth Circuit precedent precluding a potentially responsible party (PRP) from asserting a claim for cost recovery under section 107(a), coupled with Raytheon's failure to allege in its complaint that it was not a PRP. In June 2007, the Supreme Court issued its decision in *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007), in which the Court held that a PRP may assert a claim for cost recovery under section 107(a), thereby superseding the Circuit precedent upon which this court relied in dismissing Raytheon's claim.

In light of *Atlantic Research*, Raytheon now moves the court to reconsider its May 2006 order and reinstate Raytheon's section 107(a) cost recovery claim as initially asserted in Count I of Raytheon's complaint. Defendant does not oppose the motion or the reinstatement of Count I but states that it "will require the full 60 days normally afforded by Fed. R. Civ. P. 12(a) to

answer or otherwise respond" to the claim. *See* Fed. R. Civ. P. 12(a)(3)(A) (giving a federal governmental defendant 60 days in which to answer a plaintiff's complaint). Raytheon, in turn, contends that Rule 12(a)(3)(A) does not apply and that defendant should be permitted 30 days to file a responsive pleading.

The court concludes that the 60-day time period set forth in Rule 12(a)(3)(A) does not apply at this juncture of the proceedings. Rule 12(a)(1)-(3) sets forth deadlines for answering original complaints as measured from the date on which a summons is served. *See General Mills, Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1376 (Fed. Cir. 2007); *Meehan v. Snow*, 652 F.2d 274, 275 (2d Cir. 1981); *LeBrew v. Reich*, 2006 WL 1662595, at *4 (E.D.N.Y. May 12, 2006). The deadline for responding to any subsequent complaint is established separately under Rule 15(a), *see*, *e.g.*, *Meehan*, 652 F.2d at 275, which provides that a "party shall plead in response to an amended pleading within the time remanding for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders." Fed. R. Civ. P. 15(a).

Defendant has not shown why the reinstatement of Count I of Raytheon's complaint should be construed as an original complaint such that the 60-day response time in Rule 12(a)(3)(A) should apply. The reinstatement of the claim does not require the issuance of a summons (to which the response times in Rule 12(a) are tied) and, in fact, Raytheon would not be required to serve the complaint at all. The reinstatement of Raytheon's claim, then, is most analogous to an amended complaint for purposes of Rule 15(a). Indeed, defendant itself has interpreted the Federal Rules of Civil Procedure as permitting only 10 days for a response to a

2

reinstated claim. In that regard, the court previously reinstated Count V of Raytheon's complaint. Thereafter, defendant filed a motion for an extension of time to respond to Count V and, in making the request, expressly stated that it was otherwise required pursuant to Rule 15(a) to file a responsive pleading in 10 days.

In addition, the 10-day response time provided in Rule 15(a) is consistent with the response time that would apply if the court had initially denied defendant's motion to dismiss Count I which, in essence, is the effect of the court's reconsideration of its May 2006 order and its reinstatement of Count I. Under Federal Rule of Civil Procedure 12(a)(4)(A), the filing of a motion to dismiss alters the response times provided in Rule 12(a) such that a responsive pleading must be served within 10 days after notice of the court's order denying the motion. In other words, had the court initially denied defendant's motion to dismiss Count I (as is the effect of the court now granting the motion for reconsideration and reinstating the claim), then defendant would have been required to file a responsive pleading to Count I within 10 days.

In sum, defendant has not satisfied the court that the 60-day response time of Rule 12(a)(3)(A) applies to the reinstatement of Count I and the court concludes that a 10-day response time applies to that claim, either by application of Rule 15(a) or Rule 12(a)(4)(A). Raytheon, however, asserts that defendant should be provided 30 days to file a responsive pleading and the court, then, will permit an extension of the response period and will require defendant to file a responsive pleading within 30 days of the date of this order. The court declines to provide defendant any greater amount of time in light of the fact that defendant has been aware of the *Atlantic Research* case since June 11, 2007 and has had since that time to

contemplate the import of the decision and to coordinate an appropriate response, including any affirmative claims it might decide to pursue. The court is simply not persuaded that time beyond 30 days is necessary for defendant to respond to Count I.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Raytheon Aircraft Company's motion for reconsideration (doc. 176) is granted and the Count I of Raytheon's complaint is hereby reinstated. Defendant shall file a responsive pleading within 30 days of the date of this order.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2007, at Kansas City, Kansas.

                                         s/ John W. Lungstrum  
                                        John W. Lungstrum  
                                        United States District Judge