IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| RAYTHEON AIRCRAFT COMPANY )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Defendant )<br>) | Case No. 05-2328 JWL |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF REPORTS RELATED
TO THE GOVERNMENT'S HISTORICAL USE OF CHLORINATED SOLVENTS**

Pursuant to F.R.C.P. Rule 26(b)(3) and Rule 37, Plaintiff Raytheon Aircraft Company ("Raytheon") respectfully requests that the Court issue an order compelling Defendant United States to produce reports related to the government's historical use of chlorinated solvents and all of the underlying documents not previously produced that support those reports. Specifically, Raytheon requests an Order by this Court:

1. Compelling Defendant to produce the 1996 report entitled, "Historical Use and Development of Chlorinated Solvents." This document is the report prepared by TechLaw and corresponds to Task 4 on the TechLaw Contract. *See* TechLaw contract at ¶ 4.4 (attached to Memorandum in Support at Exhibit A). This report will be referred to as the "Historical Use report."

2. Compelling Defendant to produce the 1998 report entitled, "Solvents in Army Airfield Maintenance Operations – World War II." This report will be referred to as the "WWII Airfield Solvents report."

KC-1519306-3

3. Compelling Defendant to produce the report that corresponds to Task 8 in the contract between TechLaw and United States Army Corps of Engineers ("USACE"). This report will be referred to as the "Task 8 report"

4. Compelling Defendant to produce the "summary report" that corresponds to ¶ 5.1 of the contract between TechLaw and USACE. This report will be referred to as the "Summary report."

5. Compelling Defendant to produce any and all underlying documents to the above reports that have not previously been produced.

The United States refuses to produce the above reports on the grounds that they are protected work product. Raytheon can show that it has substantial need and cannot obtain the substantial equivalent of the reports. Raytheon can also show that extraordinary justification exists such that would support compelling production of the reports, notwithstanding the government's claim of work product protection. Further, the United States has waived its right to claim work product privilege as to several of these reports because it failed to disclose the reports on any privilege log produced to Raytheon. Finally, the United States agreed to produce the underlying documents requested in Number 5, above. However, a recent disclosure that 3,166 pages of documents were "inadvertently" not produced raises concerns about whether all documents have been produced. Raytheon is not in a position to be able to determine that all documents have, in fact, been produced.

Pursuant to Rule F.R.C.P. 37 and Local Rule 37.2, Raytheon certifies that it has in good faith conferred with the counsel for Defendant in an effort to secure the reports without Court action.[1] Specifically, the following actions were taken:

---

[1] Raytheon requests the reports listed under number 1 and 2 pursuant to Rule 26(b)(3). Rule 26(b)(3) does not require good faith effort to secure the information, although Raytheon has requested the reports from USACE.

KC-1519306-3

1. Counsel for both parties have participated in several telephone conferences during June and July 2007 to discuss discrepancies in USACE's privilege logs.

2. Counsel for Raytheon sent counsel for USACE a letter on July 18 requesting that the Task 8 report and Summary report be produced by July 25.  To date, neither has been produced.

3. Counsel for both parties participated in a telephone conference on August 1, 2007, to discuss all outstanding discovery issues, including production of the Task 8 report and the Summary report.  Heather Gange, counsel for the United States, asserted that the Task 8 report and Summary report would be withheld because they were protected work product, but provided no explanation to substantiate the claim of work product.

4. On August 7, 2007, counsel for Raytheon sent a letter to counsel for the United States requesting the Task 8 report and the Summary report by Wednesday, August 8.  Alternatively, Raytheon requested that the United States support its claim for work product as to these documents.  No response has been received.

In support of its motion and pursuant to Federal Rules of Civil Procedure 26(b)(3) and Rule 37, Raytheon submits the corresponding Memorandum in Support.

**WHEREFORE**, Plaintiff, Raytheon, requests a hearing on this motion.

Respectfully submitted,

/s/ Stephen J. Torline

| Beverlee J. Roper | KS #77969 |
| Stephen J. Torline | KS #18292 |
| Laura K. Brooks | KS #22060 |

---

Raytheon requests the Task 8 report and the Summary report pursuant to Rule 37 on the grounds that the United States has waived any right to claim privilege.  Raytheon has complied with the good faith requirement as noted in the text.

KC-1519306-3

                                                Blackwell Sanders LLP
                                                4801 Main Street, Suite 1000
                                                Kansas City, Missouri 64112
                                                Telephone: (816) 983-8000
                                                Facsimile: (816) 983-8080

                                                Attorneys for Plaintiff Raytheon Aircraft Company

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on August 15, 2007, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Natalia Sorgente, Esq.
Scott J. Jordan
Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986

                                                /s/ Stephen J. Torline
                                                Attorney

KC-1519306-3