**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAYTHEON AIRCRAFT CO.,**

**Plaintiff,**

**CIVIL ACTION**

**v.**

**No. 05-2328-JWL-DJW**

**UNITED STATES OF AMERICA,**

**Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Raytheon Aircraft Company brings this action under the Comprehensive Environmental Response Compensation Liability Act ("CERCLA") seeking contribution from the United States Army Corps of Engineers ("USACE") for environmental cleanup costs of trichloroethylene ("TCE") contamination at the former Herington Army Air Field ("HAAF"). Raytheon seeks to recover from USACE all or a portion of the costs that Raytheon has incurred performing work required by Administrative Orders on Consent issued by the Environmental Protection Agency ("EPA") and the Kansas Department of Health and Environment ("KDHE") and in response to an Unilateral Administrative Order. The matter is presently before the Court on Raytheon's Expedited Motion to Compel a Proper 30(b)(6) Witness (doc. 152). As discussed below, the motion is granted.

### I.      Relevant Factual Background

On November 8, 2006, USACE produced Ed Kost as its original designated Fed. R. Civ. P. 30(b)(6) witness to testify on several topics, including Topics 70-72. Raytheon's Deposition Notice Topics 70- 72 request that Defendant designate and produce, pursuant to Fed. R. Civ. P. 30(b)(6),

a person or persons to testify as to "EPA's and USACE's Investigation Regarding the Use of TCE

at HAAF and Similarly Situated Airfield." More specifically, Topics 70-72 sought witnesses to

testify on behalf of USACE as to:

> The investigation conducted by USACE in response to [] EPA's information requests pursuant to § 104(e) of [CERCLA] concerning [HAAF] and all other Similarly Situated Airfields (Topic 70),[1]
>
> USACE's investigations performed into the historical operations at HAAF (Topic 71), and
>
> USACE's December 22, 1997, June 9, 2000, and July 30, 2004, responses to the EPA's information requests made pursuant to § 104(e) of [CERCLA] concerning [HAAF] (Topic 72).[2]

These deposition topics were referring to USACE's responses to EPA's 104(e) Information

Requests for the HAAF site.  On October 31, 1997, EPA, as part of its investigation into the release

of hazardous substances/waste at HAAF, issued its 104(e) Information Request, pursuant to 42

U.S.C. § 9704.  Questions 4 and 5 on the Information Request asked USACE the following:

> 4.  Did Respondent use, store, dispose of, or otherwise handle any hazardous substances/hazardous wastes, including volatile organic compounds, in its operations at the Site?  If so, identify all the hazardous substances/wastes used.
>
> 5.  Does Respondent have in its custody or control any records or documents evidencing or suggesting the use or disposal of any hazardous substances/hazardous wastes at the Site?  If so, submit copies of such records or documents to EPA along with your repossess to this Information Request.[3]

---

[1] CERCLA provides EPA with the authority to gather information by issuing interrogatory-like requests (often referred to as "104(e) requests") to potentially responsible parties. 42 U.S.C. § 9604(e).

[2] Ex. A to Def.'s Opp'n to Pl.'s Expedited Mot. to Compel a "Proper" 30(b)(6) Witness (doc. 172-3).

[3] Ex. H to Def.'s Opp'n to Pl.'s Expedited Mot. to Compel a "Proper" 30(b)(6) Witness (doc. 172-10).

USACE's December 22, 1997 response to Questions 4 and 5 of EPA's Information Request was that "[t]here is no evidence to indicate that the operations of [HAAF] included the use of hazardous substances/hazardous wastes."

During Mr. Kost's deposition on November 8, 2006, Raytheon asked questions pertaining to USACE's 1997 104(e) response to EPA's Information Request. Mr. Kost testified that he did not prepare USACE's 1997 responses. Instead, he identified Catherine Sanders, an USACE attorney, as the person who prepared USACE's 1997 104(e) responses and confirmed that Ms. Sanders was the best person to ask about the responses. He indicated that he provided information contained in references, technical orders, or deposition summaries to assist Ms. Sanders in her preparation of USACE's 1997 104(e) responses. He further stated that he did not know why USACE's 1997 104(e) responses were not amended or supplemented and stated that Ms. Sanders would know the answer. He was not aware of what Ms. Sanders reviewed to prepare USACE's 1997 104(e) response and did not know whether Ms. Sanders commented on a document prepared by a USACE contractor concerning USACE's investigation of TCE use at HAAF.

Following Mr. Kost's deposition, Raytheon identified four areas of inquiry it claimed Mr. Kost's testimony was deficient. The four identified areas were: (1) the information that Ms. Sanders possessed and investigations USACE performed prior to preparing its 104(e) responses to EPA's 1997 Information Request; (2) the date when Ms. Sanders received Technical Order number 03-5E-2, a document discussing the cleaning of spark plugs; (3) whether she commented upon a document related to USACE's investigation of TCE use at HAAF; and (4) why USACE never amended its 1997 104(e) response to EPA.

3

On November 8, 2006, Raytheon served its Notice to Take the Deposition Duces Tecum of Ms. Sanders.  Defendant thereafter filed a motion to quash the deposition of Ms. Sanders.

On April 13, 2007, the Court's denied Defendant's Motion to Quash the Deposition of Catherine Sanders (doc. 131).  The Court found that Defendant did not adequately refute Plaintiff's argument that no source other than Ms. Sanders may explain why USACE never amended its 1997 response to EPA. The Court also found that Plaintiff had not succeeded in obtaining information about when USACE received Technical Order 03-5E-2 from other sources, specifically including Mr. Kost.  Finally, the Court found that Defendant did not deny that Ms. Sanders appears to be the only party capable of answering whether she commented upon a document related to USACE's investigation of TCE use at HAAF.  In its Memorandum and Order, the Court ruled that information regarding the 104(e) responses, Technical Order 03-5E-2, or Ms. Sanders's comment on TCE use at HAAF was (1) not available from any other source; (2) relevant and non-privileged; and (3) crucial to Raytheon's preparation of its case.

On May 2, 2007, after the Court's ruling denying Defendant's motion to quash the deposition of Ms. Sanders, Raytheon issued another Notice to Take Deposition of Ms. Sanders.  The Notice contained no reference to Rule 30(b)(6) and did not include any accompanying requests for documents.  Prior to the scheduled date of Ms. Sander's deposition, counsel for the parties realized that they disagreed on the scope of the deposition inquiry as set out in the Court's decision.   On May 2, 2007, Defendant filed a motion to clarify the Court's order as to the scope of Ms. Sanders deposition.

On May 15, 2007, the Court granted Defendant's motion to clarify and ruled that Raytheon could inquire as to the following areas:

(1) What information did Ms. Sanders possess and what investigation did USACE perform prior to preparing USACE's 104(e) responses to EPA,

(2) Why did USACE never amend its 1997 response to EPA,

(3) The date when Ms. Sanders received Technical Order number 03-5E-2, and

(4) Whether Ms. Sanders commented upon a document related to USACE's investigation of TCE use at HAAF.[4]

On May 16, 2007, Raytheon deposed Ms. Sanders. At her deposition, Ms. Sanders testified that she could not recall her involvement, what information she possessed, or what she did to prepare USACE's 1997 104(e) response to EPA.  Ms. Sanders did testify as to her general practice in responding to such information requests from EPA.  She further responded that she had no recollection of research, historical information, and evidence that she referenced in her September 9, 1996 letter to the KDHE.  She  had no specific recollection of whether she provided historical evidence requested by the KDHE in its September 17, 1996 response to her letter.   Ms. Sanders testified that she had no knowledge as to why the 104(e) responses were not amended until 2004. She stated she did not know when she received Technical Order number 03-5E-2 and she did not know whether she commented upon a document prepared by USACE's contractor, Burns & McDonnell, concerning USACE's investigation at HAAF.

Raytheon now seeks to compel Defendant to produce another Rule 30(b)(6) witness who is knowledgeable and who can testify about the matters contained in Topics 70-72. Defendant opposes producing another Rule 30(b)(6) witness, arguing that it has fulfilled its obligation to produce a properly prepared, knowledgeable witness who testified about what is known or reasonably available to USACE concerning the specific areas of inquiry identified by Raytheon.  Furthermore, to the

---

[4]*See* May 15, 2007 Order (doc. 141), p. 4.

extent Raytheon seeks information about why USACE did not amend its 104(e) response to EPA,

Defendant claims that information is attorney opinion work product and protected from disclosure.

## II.    Law Regarding Rule 30(b)(6) Depositions

Federal Rule of Civil Procedure 30(b)(6) provides:

A party may in [its deposition] notice . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

*       *       *

The persons so designated shall testify as to matters known or reasonably available to the organization.

In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative

and the corporation.[5]  "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he

presents the corporation's 'position' on the topic."[6] The designee testifies on behalf of the

corporation and thus holds it accountable.[7]

With regard to choosing a deponent to speak on behalf of the corporation, companies have

a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule

30(b)(6) depositions and to prepare them to fully answer questions in a non-evasive manner about

---

[5]*Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) (citations omitted).

[6]*Id.*

[7]*Id.* (citing *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999) (holding a corporation has a duty under Rule 30(b)(6) to provide someone who is knowledgeable in order to provide "binding answers on behalf of the corporation") (quoting *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc*., 94-2395-GTV, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995)); *see also Media Servs. Group, Inc. v. Lesso, Inc*., 45 F. Supp. 2d 1237, 1253 (D. Kan. 1999).

the designated subject matter.[8]  Notably, and because Rule 30(b)(6) explicitly requires a company

to have persons testify on its behalf as to all matters reasonably available to it,[9] this Court has held

that the Rule "implicitly requires persons to review all matters known or reasonably available to [the

corporation] in preparation for the 30(b)(6) deposition."[10]  In other words, personal knowledge of

the designated subject matter by the selected deponent is of no consequence.[11]

Thus, the Rule makes clear that a party is not permitted to undermine the beneficial purposes

of the Rule by producing a witness who has no knowledge concerning the areas of inquiry.[12]  Any

other interpretation of the Rule would allow the responding corporation to "sandbag" the deposition

process.[13]

In *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,[14] this Court acknowledged that

the Rule 30(b)(6) requirements may be onerous, but justified any such burden on a corporation only

being able to act through its employees.[15]  This Court further found that the requirement that a

corporation make conscientious, good-faith effort to designate knowledgeable persons for Rule

---

[8]*Id.* (citing *Starlight*, 186 F.R.D. at 639).

[9]Fed. R. Civ. P. 30(b)(6).

[10]*Theglobe.com,* 236 F.R.D. at 527-28 (citing *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 734 (D. Kan. 2002)).

[11]*Id.* at 528.

[12]*Id.*

[13]*Id.*

[14]236 F.R.D. 524, 528 (D. Kan. 2006).

[15]*See also Sprint Commc'ns. Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433, 2007 WL 1424338, at *3 (D. Kan. May 14, 2007).

30(b)(6) depositions and to prepare them to fully answer questions in a non evasive manner about the designated subject matter "negate[s] any possibility that an inquiring party will be directed back and forth from one corporate representative to another, vainly searching for a deponent who is able to provide a response which would be binding upon that corporation."[16]

To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.[17] Then, and as noted above, the responding party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the interrogator and to prepare those persons in order that they can answer fully, completely, and in a non-evasive manner, the questions posed by the interrogator as to the relevant subject matters.[18] Once notified as to the reasonably particularized areas of inquiry, the corporation then "must not only produce such number of persons as will satisfy the request, but more importantly, prepare them so that they may give complete, knowledgeable and binding answers on behalf of the corporation."[19]

## III.    Discussion

Raytheon seeks an order compelling Defendant to designate and make available for deposition a competent, knowledgeable Rule 30(b)(6) witness to provide testimony concerning the following four topics the Court previously ordered Raytheon could ask during the deposition of Ms.

---

[16]*Theglobe.com, Inc.*, 236 F.R.D. at 528.

[17]*Id.*

[18]*Id.* (citing *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000)).

[19]*Id.* (citing *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

Sanders and to which Ms. Sanders testified that she had no recollection.  Those topics are: (1) information  and investigations USACE performed prior to preparing its 104(e) responses to EPA; (2)  the reasons why USACE never amended its 1997 response to EPA; (3) the date when USACE received Technical Order number 03-5E-2; and (4) whether Ms. Sanders commented upon a document related to USACE's investigation of TCE use at HAAF.  Raytheon claims that USACE has repeatedly attempted to dodge these topics.  Moreover, USACE fails to show why it should not be compelled to produce a Rule 30(b)(6) witness to supplement answers to the four topics this Court has previously found are (1) not available from any other source; (2) relevant and non-privileged; and (3) crucial to Raytheon's case.

Defendant asserts it has already produced a well-prepared, knowledgeable person, who satisfactorily responded to the questions posed regarding the topics identified.  Defendant contends that its Rule 30(b)(6) designated representative, Mr. Kost, was prepared to testify as to matters known or reasonably available to Defendant on the topics listed in the notice.  Ms. Sanders was not deposed as a Rule 30(b)(6) witness and her lack of recollection concerning events that happened over ten years ago is not a basis for compelling Defendant to produce an additional witness. According to Defendant, the fact that Ms. Sanders has limited recollection of events that occurred more than ten years ago is not a basis for ordering Defendant to produce another Rule 30(b)(6) witness. Similarly, information that could not be obtained from counsel because it is protected from disclosure by the attorney work product doctrine cannot be obtained from another witness.  USACE does not record the dates it receives or obtains documents, and Ms. Sanders testified that she does not recall the specifics of events that occurred a decade ago.  Therefore, USACE, as an institution, does not have the information that Raytheon seeks.

**A.**      **Whether Defendant's designated Rule 30(b)(6) representative, Mr. Kost, was prepared and able to testify to matters known or reasonably available to Defendant on Topics 70-72**

Defendant claims that its Rule 30(b)(6) designee, Mr. Kost, was well prepared to testify as to matters known or reasonably available to Defendant.  It states that Mr. Kost was involved in USACE's investigation and provided Ms. Sanders with information contained in references, technical orders, or deposition summaries to assist in her preparation of USACE's 1997 104(e) responses.  In addition, Mr. Kost went to lengthy efforts to educate himself on the topics for which he was designated. In addition to the personal knowledge he possessed, Mr. Kost prepared by: (1) discussing the 30(b)(6) deposition notice and topics to be covered with USACE counsel; (2) reviewing the voluminous project files; (3) reviewing USACE's 104(e) responses; (4) reviewing documents to determine what searches for relevant information had been done in the past; (5) interviewing both attorneys who prepared the 104(e) responses; (6) interviewing USACE personnel who conducted the searches, including Stan Bauer, Joe Novak and Rob Boucher, the former project manager; (7) determining what documents were retrieved in the past archive searches; (8) conducting in-person interviews of personnel at the Central Plains region of the National Archives to ensure that no additional records existed and to determine the document destruction policies at the National Archives; (9) preparing for questioning with Department of Justice attorneys; (10) twice attempting to contact and interview a retired former USACE employee, Dan Ahern, who was one of the first Corps personnel to perform a site visit at HAAF in the early 1990's; and (11) preparing personal notes regarding his preparation to aid his memory while being deposed.  As a result, his answers to the questions Raytheon's counsel asked in his deposition were based on the institutional knowledge of USACE after an extensive effort to inform himself of everything known

within the organization concerning the relevant topics.  Defendant maintains that these efforts meet

or exceed the levels of preparation considered adequate by other courts.

The Court agrees that Mr. Kost appears to have exerted significant efforts to educate himself

on the topics for which he was designated.  During his deposition, Mr. Kost testified regarding his

efforts to prepare for the deposition:

> So I started out reviewing the project files, reviewed the 104(e) responses, the past responses.
>
> From especially the project files, I determined what searches had been done in the past.  I interviewed persons at the Corps of Engineers who were involved in those searches. I listed the – some of the information that I discovered.  I determined in the archive search reports that - - where the St. Louis district had gone, which archives they had located records in back in 1994 and they reported those in '97.
>
> I visited the Central Plains region of the National Archives and spoke with several individuals there to verify that the records that we believed were the only records that were there , and also discussed with them destruction policies, et cetera.
>
> And following this, all this, I  – I met with counsel from the Department of Justice to discuss what would happen today, go over the routine that we would be going though and to prepare for the depositions.[20]

Mr. Kost's recitation of the extent of his efforts to educate himself on topics for which he was

designated, however, does not conclusively establish that Mr. Kost was well prepared and able to

testify to matters known or reasonably available to Defendant on Topics 70-72, as required by Rule

30(b)(6).  Rather than focus on Mr. Kost's efforts in preparing for his deposition, the Court focuses

on substance of Mr. Kost's testimony on Topics 70-72, topics for which he was designated to testify

on behalf USACE.

---

[20]Kost Dep. 17:21-18:19, Nov. 8, 2006.

A review of the transcript of Mr. Kost's deposition reveals that he was not able to answer questions fully, completely, and in a non-evasive manner directly pertaining to Topics 70-72 on matters known or reasonably available to USACE.   Mr. Kost testified that he was not involved in the preparation of USACE's 1997 104(e) response, but had briefly reviewed it.[21]   He identified Ms. Sanders as the person who was involved in the preparation of USACE's 1997 response and stated that he was not aware of anyone else being involved in the preparation.[22]   Raytheon's counsel asked Mr. Kost what investigation was performed in preparation of the 1997 104(e) response.   Mr. Kost stated that he spoke with Ms. Sanders and determined that she reviewed the project files and the initial site visit files at the district.[23]   When Raytheon's counsel asked Mr. Kost the reason why USACE's 1997 104(e) responses to EPA's information were never amended or supplemented, Mr. Kost responded, "I don't know the answer to that question."[24]   He thereafter referred to Ms. Sanders as someone who would know the reason why USACE's 1997 response was never amended or supplemented.[25]   Mr. Kost could not answer why deposition testimony of former servicemen regarding the use of vapor degreasers and carbon tetrachloride at HAAF was not put into or supplemented in USACE's 1997 104(e) response.[26]   He stated that Ms. Sanders would have been the person who made the determination whether to amend or supplement USACE's 1997 104(e)

---

[21]Kost Dep. 32:23-33:7.

[22]Kost Dep. 33:2-4.

[23]Kost Dep. 33:19-21.

[24]Kost Dep. 120:5-10.

[25]Kost Dep. 120:11-12.

[26]Kost Dep. 123:9-15.

response.[27]  He stated that he was not aware of her consulting with him or any other technical people

when she prepared the responses.[28]  From Mr. Kost's deposition testimony, it appears he was not

able to answer fully, completely, and in a non-evasive manner deposition questions regarding

USACE's 1997 104(e) response to EPA's information requests concerning the presence of

hazardous substances at HAAF.  His repeated answers directing Raytheon's counsel to Ms. Sanders

leads the Court to conclude that Mr. Kost, despite his efforts to educate himself, was not sufficiently

prepared and able to testify to matters known or reasonably available to Defendant on Topics 70-72.

> **B.    Whether Defendant should be required to produce another designated Rule 30(b)(6) witness when Ms. Sanders testified that she does not recall any information regarding any investigation and preparation of USACE's 1997 104(e) responses**

Having determined that Defendant's designated representative was not prepared and able to

answer fully, completely, and in a non-evasive manner questions directly pertaining to Topics 70-72

on matters known or reasonably available to USACE, the Court next considers whether Defendant

should be compelled to produce another Rule 30(b)(6) designee on these topics when the person who

Mr. Kost referenced as having the information testified that she does not recall any information

regarding any investigation and preparation of USACE's 1997 104(e) responses to EPA's

Information Request.  Defendant points out that Ms. Sanders was not deposed as a Rule 30(b)(6)

witness.  The Court infers from this that Ms. Sanders may have testified differently had she been

deposed as a Rule 30(b)(6) witness rather than deposed individually.  A witness testifying as a Rule

30(b)(6) designee does not give his or her personal opinion and is not limited to his or her own

knowledge.  Rather, "[t]he persons so designated shall testify as to matters known or reasonably

[27]Kost Dep. 124:25-125:12.

[28]Kost Dep. 125:19-21.

available to the organization."[29]   Thus, while a witness may be able to truthfully testify that she cannot recollect information, a Rule 30(b)(6) designee is not limited to her own recollection and knowledge, but is instead subject to the collective knowledge of the entity.   Because of this distinction, the Court finds that Defendant should be required to produce another Rule 30(b)(6) witness, one who is knowledgeable and prepared to fully and completely answer questions responsive to Topics 70-72.

**C.   Whether Defendant should be required to produce another Rule 30(b)(6) witness when USACE, as an institution, does not appear to have the information or the information is protected from disclosure by the attorney work product doctrine**

Defendant argues that it should not be ordered to produce another Rule 30(b)(6) witness on Topics 70-72 because USACE, as an institution, does not appear to have the information Raytheon seeks or the information is attorney work product and protected from disclosure.  If USACE, as an institution, does not have the information Raytheon seeks, then its designated Rule 30(b)(6) representative can testify that the information sought is not known or reasonably available to USACE.  With regard to Defendant's claim that the information sought is attorney work product and thus protected from disclosure, the Court finds Defendant's assertion of a work product objection is premature at this point.  The Court previously found that the four areas of inquiry identified by Raytheon in seeking Ms. Sanders' individual deposition, which are very similar to Topics 70-72, did not seek privileged information.  If specific questions posed during the Rule 30(b)(6) deposition call for the disclosure of information subject to attorney-client privilege or work product, then Defendant's counsel may assert privilege or work product objections at that time.

---

[29]Fed. R. Civ. P. 30(b)(6).

**IT IS THEREFORE ORDERED THAT** Raytheon's Expedited Motion to Compel a Proper 30(b)(6) Witness (doc. 152) is granted, as set forth herein.   **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall designate and produce a well-prepared witness to testify regarding information responsive to Topics 70-72 contained in Plaintiff's Rule 30(b)(6) Notice to Take Videotaped Deposition.

**IT IS FURTHER ORDERED THAT** each party to bear its own costs related to the motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 6th day of September, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel