**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**RAYTHEON AIRCRAFT CO.,**

       **Plaintiff,**

                              **CIVIL ACTION**

**v.**

                             **No. 05-2328-JWL-DJW**

**UNITED STATES OF AMERICA,**

       **Defendant.**

**ORDER**

      On October 5, 2007, the Court conducted the final pretrial conference in this case. Plaintiff Raytheon appeared through its representative, Carmen Marriott, and through counsel, Stephen J. Torline and Beverlee J. Roper. Defendant appeared through counsel, David Thompson, Heather E. Gange, Mary Whittle, Natalia Sorgente, and Sean Carman. This Order memorializes and supplements the Court's oral rulings at the final pretrial conference.

      1.      Defendant United States' Motion to Compel Insurance Information (doc. 195) is denied. The Court finds that Plaintiff has already produced sufficient relevant insurance information. Under Fed. R. Civ. P. 26(a)(1)(D), discovery of insurance information is generally limited to the insurance policies available to the defendant. Defendant's speculation that the additional insurance documents sought from Plaintiff may contain relevant admissions does not justify the request to compel Plaintiff to produce documents beyond what Plaintiff has already produced.

      2.      Plaintiff's Motion to Compel Production of Reports Related to the Government's Historical Use of Chlorinated Solvents (doc. 197) is denied. The reports sought by Plaintiff are

work-product and thus are protected from disclosure. The reports, entitled "Historic Use and Development of Chlorinated Solvents" and "Solvents in Army Airfield Maintenance Operations - World War II," have already been held to constitute work-product.[1] The Court further finds that the remaining two reports, entitled "Airfield Standard Operating Procedures" and "Summary Report, Final Report Potentially Responsible Party Research," are entitled to the same work product protection in this litigation. Based upon the averments contained in the Declaration of Ann L. Wright,[2] an attorney employed by the United States Army Corps of Engineers, the Court finds that Defendants have established that these reports were prepared in anticipation of litigation and were prepared by or for a party or a representative of that party. The two reports were prepared for and at the request of Center of Expertise counsel to assist the Corps and its attorneys in connection with active CERCLA litigations. These reports are maintained in the office of the Counsel for the Center of Expertise and have been released only to USACE or other attorneys working on contested CERCLA liability cases on behalf of the Department of Defense. Accordingly, the Court finds that Defendant has established that these reports are work product. Plaintiff has further failed to show that Defendant waived protection of the reports or that Plaintiff has a sufficient interest in obtaining the reports to override the protection afforded under the work-product doctrine. The erroneous decision to omit responsive documents from Defendant's privilege log did not result in waiver of

---

[1] *See Raytheon Aircraft Company v. United States Army Corps of Engineers*, 183 F. Supp. 2d 1280 (D. Kan. 2001) (holding that the "Historic Use and Development of Chlorinated Solvents" and "Solvents in Army Airfield Maintenance Operations - World War II" reports, but not their underlying documents, are protected from disclosure under the work-product doctrine).

[2] Ex. A to (doc. 218-3).

the privilege. Further, because Plaintiff has all the relevant underlying historical documents, it does not have an interest sufficient to override the work-product protection.

3.      The United States' Motion to Compel the Production of Previously Requested Documents and Amended Discovery Requests (doc. 199) is granted in part and denied in part. The motion is granted as to Defendant's request to compel Plaintiff to amend its discovery responses to Defendant's Interrogatories Nos. 1-6. The motion is otherwise denied. Plaintiff indicates in its response brief that it will produce all responsive, non-privileged "maps, technical drawings, data and items described in legal invoices" that have not already been produced. Plaintiff shall produce this discovery no later than **November 1, 2007**. Plaintiff further states that all materials identified by Shaw Environmental Inc. as responsive to Defendant's Requests and all materials reviewed and/or relied upon by its Experts as responsive to Defendant's Requests have already been produced and will be produced if additional documents are identified.

4.      Plaintiff's Motion to Compel Production of Reports Related to Government's 1993 Contract with TechLaw, Inc. (doc. 202) is granted in part and denied in part. The motion is granted as to Plaintiff's request for an order compelling Defendant to certify that the 1993 report does not exist. The motion is otherwise denied. Defendant states in its response brief that the Kansas City District, which is responsible for the Herrington Site, has no record of issuing a delivery order pursuant to the 1993 Contract to Techlaw or any other contractor in connection with the Herrington Site. Because Defendant claims no documents fit the description of the 1993 report referred to in Plaintiff's motion, Defendant is ordered to certify that the 1993 report does not exist.

5.      Plaintiff's Motion for a Determination that Defendant Waived Privilege Over Documents and to Compel Production of Documents Responsive to Plaintiff's Discovery Requests

(doc. 204) is granted in part and denied in part. The motion is granted to the extent the Court finds that Defendant has waived any assertion of privilege with respect to certain documents it produced, identified on Attachment A to the motion, by its failure to take adequate precautions to prevent disclosure of the documents. Defendant failed to meet its burden of showing that the privileges it asserted regarding the documents identified in Attachment A were not waived through its prior disclosure. The motion is further granted as to Plaintiff's request for an order requiring Defendant to disclose the location of responsive documents it knows to exist within any public repositories or, if no such location is known, to identify the documents or groups of documents reviewed by Defendant in its attempt to locate these items and the locations of such reviewed documents. Defendant has not complied with the obligation imposed upon it by this Court's September 5, 2006 Order regarding documents that it contends it cannot find and may be located in public repositories. Defendant shall therefore provide such information to Plaintiff by **November 1,2007**. The motion is otherwise denied.

6. The United States' oral motion for extension of time to designate and produce a well-prepared witness to testify regarding information responsive to Topics 70-72 contained in Plaintiff's Rule 30(b)(6) Notice to Take Videotaped Deposition is granted. The United States shall have up to and including **October 31, 2007** to produce a Rule 30(b)(6) witness in accordance with the Court's September 6, 2007 Memorandum and Order (doc. 219).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 15th day of October, 2007.

s/ David J. Waxse
David J. Waxse

4

                                      United States Magistrate Judge

cc:    All counsel