**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

| | | |
|---|---|---|
| RAYTHEON AIRCRAFT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 05-2328 JWL |
| | ) | |
| UNITED STATES of AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**PROTECTIVE ORDER**

Upon consideration of Raytheon Aircraft Company's Motion For a Protective Order, related filings by the parties, and for good cause shown,

**IT IS HEREBY ORDERED:**

1. The Court has ordered Plaintiff Raytheon Aircraft Company ("RAC") to produce government contracts and related materials and information in connection with discovery in this action. RAC has requested that competitive pricing information contained in these materials ("Confidential Information") be treated as confidential and not be shared with third parties.

2. The Confidential Information identified in Paragraph 1, above, shall have clearly stamped thereon "Confidential. Do not release" or "Company Confidential Business Information subject to FOIA Exemption No. 4. Do not release." Any testimony that repeats Confidential Information shall be so identified on the record during any deposition or at trial, and shall be protected by the provisions of this Order.

3. Information, testimony and/or portions of documents designated as Confidential Information shall be treated as confidential and not shared with third parties except as follows:

   A. Confidential Information may be disclosed to the parties, their attorneys, members of their paralegal, secretarial, and clerical staffs (including shorthand reporters), and

KC-1552807-1

other members of agencies (including staff or agency managers) who are assisting or working with such attorneys in connection with this litigation, as well as court personnel assigned to or working on Case No. 05-2328 JWL.

    B. The persons to whom the Confidential Information may be disclosed under sub-part A of this paragraph may disclose the Confidential Information to experts who are specifically retained or consulted by a party or counsel for the purpose of this litigation or to persons assisting those experts.  Prior to the disclosure of any Confidential Information to such experts, the experts shall agree to be bound by the terms and provisions of this Order by so signifying on a copy of Exhibit "A," attached hereto.  All information, summaries, reports, testimony or documents that repeat any "Confidential Information" provided to such experts shall also be treated as "Confidential Information" under this order.  If the United States produces any expert report that is not marked "Confidential.  Do not release" but that RAC in good faith believes reveals protected information, RAC shall notify the United States within five business days after the production.

    C. All filings of Confidential Information required to be so designated under this Order shall be filed under seal until further order of the Court.  If any party seeks to file any Confidential Information, or to file any brief, memorandum or pleading which repeats such Confidential Information in this matter, then the party seeking to file such documents must first file a motion with the Court for leave to file the particular document under seal.  Once such leave is granted, the documents shall be filed with the Clerk of the Court under seal and shall be marked with the following legend:  "Confidential.  This document is filed under seal pursuant to Court Order.  CASE NO. 05-2328 JWL."

    D. Confidential Information may be used in the taking of depositions and in the preparation of witnesses for depositions and/or trial.  The use of Confidential Information in the taking of depositions, including its use as an exhibit in such depositions or at trial, shall not cause it to lose its status as Confidential Information.

    E. Notwithstanding any other provision of this Protective Order, the United States may disclose Confidential Information to any employee of any agency, department or instrumentality of the United States, provided that such persons are first advised and agree to abide by the terms of this Protective Order, and the Confidential Information so disclosed may be used only for purposes of this litigation.

  4. After termination of this litigation, whether by trial, appeal, settlement or otherwise, the provisions of this Order with respect to the dissemination of the Confidential Information shall continue to be binding.  After the termination of this litigation, the United States shall return all copies of the Confidential Information to Raytheon.  Should the United States receive a request for documents under the Freedom of Information Act 5 U.S.C. 552 ("FOIA") , pursuant to the Federal Rules of Civil Procedure, or otherwise, that would require the release of Confidential Information, the United States shall notify RAC in writing as soon as practicable, and provide RAC the opportunity to object within a specified time frame to the disclosure, either by demonstrating to the United States that the Confidential Information is entitled to be exempt from FOIA disclosure, or by intervening in any relevant court action to seek a protective order.  If RAC does not respond within the time frame specified, RAC will be considered to have no objection to the disclosure.  The United States shall be deemed to have fulfilled its notification obligations under this paragraph if it sends a letter via first class mail, postage prepaid, to:

KC-1552807-1

>Beverlee J. Roper
>Stephen J. Torline
>Blackwell Sanders Peper Martin LLP
>Suite 1000
>4801 Main
>Kansas City, Missouri 64112

5.	The Confidential Information may be copied or otherwise reproduced without the permission of the producing party or an order of Court by persons entitled to receive the Confidential Information pursuant to paragraph 3 of this Order, provided that the use of such copies is restricted in accordance with the Order.  All copies so made shall be deemed Confidential Information under the terms of this Order.  The "Confidential Information" or "Company Confidential Business Information subject to FOIA Exemption No. 4" designation, together with the statement, "Do not release," shall be clearly visible on any such copies.

6.	Nothing in this Order shall be deemed or construed to be a waiver by either party of any right to object to the use of any Confidential Information, or any portions thereof, at the trial or otherwise during the course of this matter.

7.	The attorneys for the parties, and their paralegals and office personnel, as well as expert witnesses retained by them are bound by all the terms and conditions of this Order.

So Ordered:

 s/ John W. Lungstrum
United States District Judge


 December 5, 2007
Date

## **EXHIBIT "A"**

The undersigned hereby agrees, in accordance with the provisions of the Stipulation and Protective Order in the case styled <u>Raytheon Aircraft Company v. United States</u>, case number 05-2328 JWL in the United States District Court for the District of Kansas, entered on the \_\_\_\_ day of _____, 200\_\_\_, to be bound thereby, and further states that he/she/it has read said Order and understands and agrees to the terms and conditions thereof.

                                                                               _____

                                                                               Dated:_____