IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Raytheon Aircraft Company,**

    **Plaintiff,**

v.                                                 **Case No. 05-2328-JWL**

**United States of America,**

    **Defendant.**

## MEMORANDUM AND ORDER

This is an environmental case filed under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 et seq., concerning contamination at the Tri-County Public Airport Site in Herington, Kansas. Plaintiff Raytheon Aircraft Company alleges claims against the United States (based on the Army Corps of Engineers status as an alleged co-PRP at the Site) for cost recovery under section 107(a) of CERCLA and for contribution under sections 107(a) and 113(f) of CERCLA. The United States alleges counterclaims against Raytheon for cost recovery under sections 107(a)(2) and 107(a)(4)(A) of CERCLA (based on costs incurred by the Environmental Protection Agency) and for contribution under section 113(f) of CERCLA.

Previously, the United States moved for summary judgment on its counterclaim for cost recovery on the grounds that Raytheon's predecessor contaminated the Site and the United States incurred response costs as part of its oversight of the cleanup at the Site. On December 21, 2007, the court denied the motion in its entirety. Pursuant to Local Rule 7.3(b), the United States now moves for reconsideration of the court's order based on the availability of new evidence. The

court summarily denies the motion because it is untimely filed.

The United States' motion for reconsideration is expressly brought pursuant to Local Rule 7.3(b). That rule requires that a motion for reconsideration must be filed within 10 days after the filing of the order unless the time is extended by the court. D. Kan. 7.3(b). The United States' motion for reconsideration was filed on February 6, 2008–more than 45 days after the filing of the court's memorandum and order denying the motion for summary judgment. Moreover, the United States did not seek an extension of time to file its motion (and it concedes that the new evidence upon which the motion is based was in its possession within the 10-day limit of Rule 7.3(b)) until March 3, 2008, in connection with the filing of its reply brief in support of its motion for reconsideration and in response to Raytheon's argument that the motion for reconsideration was untimely filed. Under the court's local rules, however, extensions of time to perform an act "will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." D. Kan. 6.1(a).

The United States, then, was required to file its motion for extension of time before January 3, 2008 and it has not shown excusable neglect for failing to do so. Indeed, the United States' argument concerning excusable neglect focuses only on its delay in preparing and filing its motion for reconsideration in light of the "intervening holidays" and the nature and timing of Raytheon's production of the new evidence such that, in the view of the United States, its need for additional time to file the motion for reconsideration was justified. But the United States never explains its failure to request additional time within which to file the motion for reconsideration. Indeed, it appears from the record that the United States was unaware of the

10-day deadline until that issue was raised by Raytheon in its response to the motion for reconsideration. Moreover, the court is not persuaded that the United States required more than 45 days to file its motion for reconsideration. A review of the motion reveals that it addresses not only new evidence disclosed by Raytheon but undoubtedly takes a "second bite" at arguments raised in its motion for summary judgment. In other words, the court believes that the United States took additional time beyond what was needed to address the new evidence and used that time to further develop arguments that had been raised previously.

In the absence of any showing of excusable neglect for failing to request an extension of time within the 10-day deadline, the motion for extension of time is denied, thus rendering the underlying motion for reconsideration untimely as well.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the United States' motion for reconsideration (doc. 425) is denied and the United States' motion for an extension of time for filing its motion for reconsideration (doc. 447) is denied.

**IT IS SO ORDERED.**

Dated this 5th day of March, 2008, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge

3